SOPHIA HOWELL, administratrix, respondent,

v.

ANDREW G. STEELMAN et al., appellants.

[Argued November 25th, 1912. Decided March 3d, 1913.]

On appeal from a decree of the court of chancery advised by Advisory Master McDermott.

*Mr. John M. Dickinson,* for the appellants.

*Messrs. Melosh & Morten,* for the respondent.

PER CURIAM.

The question which this case presents for determination is whether certain funds which came into the hands of the complainant, as administratrix of her mother, Hannah C. Godfrey, are legally distributable among the next of kin of the decedent, or should be transferred to herself, as the administratrix *cum testamento annexo* of her father, Andrew S. Godfrey, deceased, and then distributed under his will. The following are the material facts: Andrew S. Godfrey died in 1889, leaving a will by which, after providing for the payment of his debts, he gave to each one of his children the sum of one dollar, and gave the whole balance of his estate to his wife, Hannah, during her natural life or widowhood, and then to his surviving heirs, and made his wife his sole executrix. She, as such executrix, filed an inventory and a partial account, by which she charged herself with $10,245.05. She died in 1907, and Sophia Howell, the complainant, was appointed her administratrix. She filed an inventory of Hannah's estate, showing property in her hands to the extent of $12,262.46; and in 1908 filed her account, showing a balance on hand of $10,151.68. Subsequently, she was appointed as administratrix *cum testamento annexo* of the estate of

her father, and proposed to turn over from her mother's estate to herself, as the representative of her father's estate, the amount which appeared to be due the father's estate from the mother's, as executrix, as shown by the account filed by the mother. Objection being made to her doing so by the next of kin of the mother, she thereupon brought this suit, for the purpose of having it determined whether such a course of conduct by her was proper. We have no doubt that it was. The proofs showed that the inventory and account of Hannah, as the executrix of her husband, fairly represented the amount of the estate which she received in that capacity. Her personal right to its enjoyment was limited to the income of the estate during her life, and her personal representative is bound after her death to account to the estate of her husband for the *corpus.* The fact that the same individual represents both estates is, of course, immaterial. The situation is the same as if A had been appointed an administrator of the mother and X the administrator *cum testamento annexo* of the father.

This was substantially the view expressed by the advisory master, and the decree advised by him should be affirmed.

*For affirmance*—The Chief-Justice, Swayze, Trenchard, Bergen, Minturn, Kalisch, Bogert, Vredenburgh, Congdon, Treacy—10.

*For reversal*—None.